UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHESTER TSANG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ZHU, YONGGANG SHAO, GANG WANG, JACK LAI, and QUQUANG YAO,<br><br>    Defendants. | No. 1:07-cv-08706-JGK |
| WEICHEN G. LUI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ,YONGGANG SHAO, GANG WANG, LOUIS T. HSIEH, JACK LAI, NICOLA SARNO, YUEPENG WAN, RONQIANG CUI, PIETRO ROSSETTO, and QIQANG YAO,<br><br>    Defendants. | No. 1:07-cv-08766 (JGK) |
| ISMAEL HALIDOU, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ZHU, YONGGANG SHAO, GANG WANG, LOUIS T. HSIEH, JACK LAI, NICOLA SARNO, YUEPENG WAN, and QIQANG YAO,<br><br>    Defendants. | No. 1:07-cv-09745 (JGK) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT SHAHPOUR JAVIDZAD FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

IMANAGE 321441.3 73920001

## I.     INTRODUCTION

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, Shahpour Javidzad ("Movant") respectfully moves this Court for an Order appointing him Lead Plaintiff on behalf of himself and all others similarly situated who purchased or otherwise acquired LDK Solar Co., Ltd. (hereinafter "LDK" or the "Company") securities during the period June 1, 2007 through October 8, 2007,[1] inclusive (the "Class Period") and incurred damages as a result of the Defendants' violations of the federal securities laws.  Movant also seeks appointment of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Lead Counsel and the consolidation of all related actions.

The above-captioned complaints have been filed in this Court against LDK for violations of Sections 10(b) and 20(a) of the Exchange Act, and the Securities and Exchange Commission's Rule 10b-5.  These complaints (the "Related Actions") allege that LDK and certain of its officers and directors ("Defendants") violated the Exchange Act by making false and misleading statements and failing to disclose information they had a duty to disclose, which conduct artificially inflated the price of LDK securities during the Class Period, causing harm to persons who acquired these securities during the Class Period.  If appointed Lead Plaintiff Movant intends to assert these claims.

---

[1] The proposed Class period in the *Tsang* complaint is "between June 1, 2005 and October 2, 2005, inclusive." compl. ¶ 1. Since LDK was not publicly traded before June 2007, Tsang presumably meant 2007 instead of 2005. The Class Period in the *Lui* complaint is "between June 1, 2007, and October 8, 2007." compl. ¶ 1. The class period in the *Halidou* complaint, June 1 through October 8, is used here.  For purposes of determining lead plaintiff, "the use of the longer, most inclusive class period…is proper, as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006).

Movant suffered losses[2] of approximately $1,499,599 during the Class Period as a result of Defendants' wrongful conduct. Movant is unaware at this time of any other movant with a greater loss. Thus, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because he has "the largest financial interest in the relief sought by [the] class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is represented in this action by Cohen Milstein, which is seeking appointment as lead counsel and is eminently qualified to prosecute securities class action claims such as this one.

## II.   BACKGROUND

The Related Actions allege that Defendants violated the Exchange Act by making false and misleading statements and omissions, which artificially inflated the price of LDK's securities during the Class Period, causing harm to LDK investors. LDK manufactures multicrystalline solar wafers, used to produce solar cells, and is headquartered in the People's Republic of China. The Company's stock trades as on the New York Stock Exchange in the form of American Depository Receipts.

## III.  ARGUMENT

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks appointment of Cohen Milstein as Lead Counsel for the Class.

**A.   <u>Movant Satisfies the Procedural Requirements For Appointment as Lead Plaintiff</u>**

Section 21D of the Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for

---

[2] The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question that generally cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certification required under Section 27 of the Securities Act and Section 21D of the Exchange Act, and based upon reference to information concerning the market for LDK securities. *See* Declaration of Matthew B. Kaplan ("Kaplan Decl."), at Ex. D.

appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *Id.* First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *Id.* The first such notice here was published on October 9, 2007. *See* attached Declaration of Matthew B. Kaplan ("Kaplan Decl."), Ex. A).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on December 10, 2007. Movant has moved within the statutory 60-day time period. The motion contains a certification setting forth, *inter alia*, Movant's transactions in LDK securities during the Class Period, and indicates that Movant has reviewed a complaint filed in the Action and is willing to serve as a representative party on behalf of the Class. *See* Kaplan Decl., Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Cohen Milstein resume at Kaplan Decl., Ex. C. As noted in the resume, the firm has developed an excellent reputation for successfully prosecuting federal securities law claims.

B. **Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff**

    1. **Movant is Presumptively the Most Adequate Plaintiff**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

4

shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.*

Movant satisfies each of these requirements. During the Class Period, Movant suffered losses of approximately $1,499,599 from his transactions during the class period in LDK securities. *See* Kaplan Decl. Ex. D. Movant believes he has the largest financial interest in the relief sought by the Class. Further, Movant is willing to actively participate in the leadership of this litigation through both personal involvement and consultation with his chosen counsel.

Moreover, because Movant possesses a significant interest in the outcome of this litigation, he is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). He is both qualified to represent the class and willing to serve as a representative party. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

### 2.    Movant Satisfies The Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the

PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.,* No. 02 Civ. 865, 2002 WL 31720410, at *3 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.,* 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *Olsten,* 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete [identity] between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999). The typicality requirement is plainly satisfied in

6

the instant case, where Movant seeks the same relief and advances the same legal theories as other class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Movant is an adequate representative for the class. Movant engaged in LDK securities transactions during the Class Period and, like other putative class members, suffered a loss from the diminution of value of LDK securities. Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**C.      The Court Should Appoint Cohen Milstein as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Cohen Milstein to serve as Lead Counsel, and appointing Cohen Milstein as Lead Counsel would be prudent to protect the interests of the class.

As detailed in its firm resume, Kaplan Decl. Ex. C, Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded

7

investors.  Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandate of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (approving as lead counsel law firm with "substantial experience and success in prosecuting securities fraud actions").

**D.** **The Related Actions Should Be Consolidated Pursuant to Rule 42(a)**

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a).  *See Weltz*, 199 F. R.D. at 131.  Indeed, "in securities actions where the complaints are based on the same 'public statements and reports', consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced."  *Weltz*, 199 F.R.D. at 131 (citation omitted).

The Related Actions present virtually identical factual and legal issues, as they all arise out of the same alleged violation of the federal securities laws.  Each action has been filed pursuant to the Exchange Act, involves substantially the same parties, and arises from the same underlying facts and circumstances.  "The proper solution to problems created by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court would be to consolidate them under Rule 42(a)."  *Hargett v. Alley Fed. Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)); *see also Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others.  Consolidation of the related actions is thus appropriate as common questions of law and fact predominate in these actions.  Fed. R. Civ. P. 42(a).  Thus, consolidation is appropriate here.  Accordingly, the motion to consolidate the Related Actions should be granted.

## IV.  CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court: (i) appoint him as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel; (iii) consolidate the Related Actions; and (iv) grant such other relief as the Court may deem to be just and proper.

Dated: December 10, 2007

Respectfully submitted,

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

_____/s/_____Catherine A. Torell_____
Catherine A. Torell (CT-0905)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

- and -

Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

***Attorneys for Movant and Proposed Lead Counsel
    for the Class***

9