**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHESTER TSANG, Individually and On Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>vs. <br><br>LDK SOLAR CO., LTD., Xiaofeng Peng, Xingxue Tong, Liangbao Zhu, Yonggang Shao, Gang Wang, Jack Lai, and Qiqiang Yao, <br><br>Defendants. | **CIVIL ACTION NO. 07-CV-8706-JGK** <br><br> "ECF CASE" |
| WEICHEN G. LUI, Individually and On Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>vs. <br><br>LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ZHU, YONGGANG SHAO, GANG WANG, LOUIS T. HSIEH, JACK LAI, NICOLA SARNO, YUEPENG WAN, RONGQIANG CUI, PIETRO ROSSETTO, QIQIANG YAO, <br><br>Defendants. | **CIVIL ACTION NO. 07-CV-8766-JGK** <br><br> "ECF CASE" |

(additional captions on following page)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WEICHEN G. LUI**
**TO CONSOLIDATE, TO BE APPOINTED LEAD PLAINTIFF, AND**
<u>**FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL**</u>

- 2 -

| | |
|---|---|
| ISMAEL HALIDOU, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) **CIVIL ACTION NO. 07-CV-9745-JGK** |
| Plaintiff, | ) ) "ECF CASE" |
| vs. | ) ) |
| LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ZHU, YONGGANG SHAO, GANG WANG, LOUIS T. HSIEH, JACK LAI, NICOLA SARNO, YUEPENG WAN, and QIQIANG YAO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Weichen G. Lui ("Movant") submits this Memorandum of Law in Support of Motion of Weichen G. Lui to Consolidate, to Be Appointed Lead Plaintiff, and for Approval of his Selection of Lead Counsel.

## **INTRODUCTION**

Movant moves to be appointed Lead Plaintiff in this action against LDK Solar Co., Ltd. ("LDK" or the "Company"), and certain officers and directors of LDK, on behalf of all persons or entities who purchased LDK securities during the period June 1, 2007 to October 8, 2007, inclusive (the "Class Period"). Excluded from the class are Defendants, the officers and directors of the Company, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest. The Class is seeking redress pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Movant purchased a total of 3,000 ADS shares during the Class Period, and suffered approximate losses[1] of $54,300 as a result of Defendants' misconduct. In Point I, Movant argues that consolidation is appropriate because the actions involve common questions of law or fact. In Point II, Movant argues that he should be appointed Lead Plaintiff because Movant: (a) timely moved for appointment as Lead Plaintiff; (b) suffered losses of approximately $54,300 in connection with the transactions in LDK securities during the Class Period, and thus has a substantial financial interest in this litigation; and (c) will adequately represent the interests of

---

[1] The losses suffered are not the same as Movant's legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's securities. *See* Declaration of Brian Brooks in Support of Frans Veldman's Motion to Consolidate, to be Appointed Lead Plaintiff and for Approval of his Selection of Lead Counsel, executed on December 10, 2007 (the "Brooks Declaration"), Exhibits B and C.

the Class. *See* 78u-4(a)(3)(B)(iii). In Point III, Movant argues that his selection of Murray, Frank & Sailer LLP as Lead Counsel for the Class should be approved by the Court because, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): i) the Lead Plaintiff selects Lead Counsel, and ii) because Murray, Frank & Sailer LLP has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all Class members.

## PROCEDURAL HISTORY

On October 9, 2007, the plaintiff in *Chester Tsang v. LDK Solar Co., Ltd. et al.*, 07-cv-8706 (JGK) filed a class action complaint asserting violations of Sections 10(b) of the Exchange Act. The complaint alleged that from June 1, 2007 to October 2, 2007, the Company and certain others made materially false and misleading statements regarding the Company's consolidated financial statements. Subsequently, six additional complaints were filed against LDK and various other defendants, two of which were filed in this court, and four of which were filed in the Northern District of California.[2]

Pursuant to Section 21D(a)(3)(A) of the Exchange Act, 15 U.S.C. § 78u 4(a)(3)(A), on October 9, 2007, a notice was published over MARKET WIRE, a widely-circulated national business-oriented wire service, advising investors of the pendency of the action, the claims asserted therein, the purported class period, and their right to move this Court to be appointed Lead Plaintiff no later than December 10, 2007. A copy of the notice is attached to the Brooks Declaration as Exhibit A.

---

[2] The cases filed in the Northern District of California are *In re LDK Solar Sec. Litig.*, No. 07-cv-5182-WHA; *Thomas O'Reilly v. LDK Solar Co., Ltd. et al*, No. 07-cv-5205-WHA; *Fredrick Grenwald v. Peng et al*, No. 07-cv-5259-WHA; and *Reza Karkonan v. LDK Solar Co., Ltd. et al*, No. 07-cv-5752-MHP. Movant has also filed his motion to be appointed Lead Plaintiff in the Northern District of California.

Movant purchased shares of LDK during the Class Period, and now moves to be appointed Lead Plaintiff.  Mr. Lui's certification is attached to the Brooks Declaration as Exhibit B.  A chart demonstrating Movant's losses is attached to the Brooks Declaration as Exhibit C.

## STATEMENT OF FACTS

LDK is a Cayman Islands company, incorporated on May 1, 2006, that produces and sells multicrystalline solar wafers to manufacturers of photovoltaic products, including solar cells and solar modules, both in and outside of The People's Republic of China.  In addition, LDK provides wafer processing services to monocrystalline and multicrystalline solar cell and module manufacturers.  LDK also sells polysilicon materials, including ingots and polysilicon scraps.  Solar wafers are thin sheets of crystalline silicon material primarily made by slicing multicrystalline ingots or monocrystalline boules.  Solar wafers are the principal raw material used to produce solar cells, which are devices capable of converting sunlight to electricity.  Polysilicon feedstock is an essential raw material used in manufacturing solar wafers.

During the Class Period, LDK made SEC filings and issued press releases discussing LDK's financial condition.  These SEC filings and press releases were materially false and misleading when issued because they misrepresented and failed to disclose the following material adverse facts: (1) that the Company had significantly less polysilicon feedstock inventory than it was reporting; (2) that only a fraction of the feedstock inventory that the Company did have was of sufficient quality for use in the manufacture of silicone wafers; and (3) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

On October 3, 2007, Piper Jaffray stated in a research note that "[w]e have confirmed that the LDK financial controller recently left the company," and "[w]e are also aware of the former

controller's allegations of poor financial controls and a 250-tonne inventory discrepancy." In reaction to this news, LDK ADSs closed at $51.65 on October 3, 2007, down 24.4% from the previous day's close. On October 4, 2007, LDK issued a press release via PR NEWSWIRE denying the allegations and announcing an independent audit of LDK's inventory. LDK ADSs closed at $48.30 on October 4, 2007, down 6.5% from the previous day's close and 29.3% from the closing price on October 2, 2007. On October 8, 2007, BLOOMBERG NEWS reported that "[t]he quality of LDK's silicon ingots is so low that a recent production run produced tons of them that were too contaminated for technicians to analyze," and that "LDK's inventories may be overvalued by as much as $92 million." In reaction to this news, LDK ADSs closed at $37.50 on October 8, 2007, down 26.4% from the previous day's close and 45.7% from October 2, 2007.

## POINT I

### CONSOLIDATION IS APPROPRIATE

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact. Movant asks this Court to consolidate all related actions with this action, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of the securities of LDK which arise out of the same facts as alleged in the above-referenced actions and allege violations of Section 10(b) of the Exchange Act.

The class actions currently before the Court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of

conduct, as described above. Thus, since the complaints present similar issues of law and fact, consolidation of these actions promotes judicial economy by streamlining and simplifying pre-trial and discovery motions and class certification issues, and by reducing the waste, confusion, and delay that could result from multiple trials. Where "the complaints are based on the same 'public statements and reports,' consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (Buchwald, J.).

Under Section 21D(a)(3)(B)(ii) of the Exchange Act, the Court must decide this motion to consolidate before determining the Lead Plaintiff.

### POINT II

### MOVANT MEETS THE PSRLA'S REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF

Movant should be appointed Lead Plaintiff of the Class because he has complied with all of the PSLRA's requirements for appointment as Lead Plaintiff, has demonstrated the largest financial interest of plaintiffs for the Class in this litigation, and otherwise meets the relevant requirements of Fed. R. Civ. P. 23 within the meaning of the Exchange Act.

**A. The PSLRA's Procedural Requirements**

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each action arising under the [Securities Act and/or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the *Tsang* action caused such notice to be published on October 9, 2007. *See* Brooks Declaration, Exhibit A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed

- 5 -

class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> > (aa)   has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii) and 78u-4(a)(3)(B)(iii); *see generally Bassin v. deCODE Genetics*, 230 F.R.D. 313 (S.D.N.Y. 2005) (Holwell, J.); *Pirelli Armstrong Tire Group Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 403-04 (S.D.N.Y. 2004) (Sweet, J.).

### B. Movant Has Moved To Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A) and (B) expires on December 10, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Weichen G. Lui has duly signed a certification stating that he has reviewed the complaint filed in the action and is willing to serve as representative plaintiff on behalf of the Class. *See*

Brooks Declaration, Exhibit B.  In addition, Movant has selected and retained experienced and competent counsel to represent him and the Class.  *See* Brooks Declaration, Exhibit D.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §§ 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of counsel, as set forth herein, considered and approved by the Court.

### C. Movant Has The Largest Financial Interest In This Litigation

According to 15 U.S.C. §§ 78u-4(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant purchased a total of 3,000 ADS shares of LDK during the Class Period and suffered losses of approximately $54,300 as a result of Defendants' misconduct.  *See* Brooks Declaration, Exhibit C.  Movant has a significant financial interest in this case.

Movant has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's securities.  Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff of the Class in this action and should be appointed pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B).

### D. Movant Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §§ 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are

> typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412.

Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff of the Class. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, Courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dep't of Hous. Pres. and Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992); *Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

Movant seeks to represent a class of all purchasers of LDK securities during the Class Period who have identical, non-competing, and non-conflicting interests. Movant satisfies the typicality requirement because he: (i) purchased LDK ADS shares; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movant "arise[] from the same event or course of conduct that gives rise to claims of other class

members and the claims are based on the same legal theory." *Walsh v. Northup Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. at 131 (citation omitted).

Here, Movant is an adequate representative of the Class. As evidenced by the injury suffered by Movant, who purchased ADS shares at artificially inflated prices caused by Defendants' violations of the federal securities laws, the interests of Movant are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class. In addition, as shown below, Movant's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Movant *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23.

## POINT III

### MOVANT'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B)(v), proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movant has selected and retained Murray, Frank & Sailer LLP to serve as Lead Counsel for the Class. Murray, Frank & Sailer LLP has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. *See* Brooks Declaration, Exhibit D.

**CONCLUSION**

Movant has moved to be appointed Lead Plaintiff for the Class, has the largest financial interest in this litigation, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, this action should be consolidated, Movant should be appointed Lead Plaintiff, and his selection of Murray, Frank & Sailer LLP as Lead Counsel for the Class should be approved by the Court.

Dated: December 10, 2007
New York, New York

**MURRAY, FRANK & SAILER LLP**

By: /s/
Brian D. Brooks (BB-7442)
275 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

**Proposed Lead Counsel for the Class**